IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| DAN ARREDONDO, | ) |
| | ) Cause No. CV 98-62-BLG-RWA |
| Plaintiff, | ) |
| | ) |
| vs. | ) **FINDINGS AND RECOMMENDATIONS** |
| | ) **OF U.S. MAGISTRATE JUDGE** |
| CITY OF BILLINGS, | ) **AND ORDER** |
| | ) |
| Defendant. | ) |

Pending before the Court is the Defendant's Renewed Motion for Partial Summary Judgment. Having considered the briefs of the parties, and pursuant to 28 U.S.C. §636(b)(1)(B), the United States Magistrate Judge makes the following findings and recommendations.

Plaintiff filed the present action in the Montana State District Court, 13th Judicial District, alleging claims arising out of his termination from employment as a City of Billings, Montana police officer. The case was removed to federal court on May 13, 1998, and opened as <u>Arredondo v. City of Billings</u>, CV 98-62-BLG-RWA. Thereafter, Plaintiff filed a second action in federal court on February 7, 2000, <u>Arredondo v City of Billings</u>, CV 00-21-BLG-RWA, also asserting claims arising out of his termination from employment. Recognizing that several of the claims in the two cases were duplicative, the parties stipulated to consolidate the two cases and dismiss claims in CV 00-21-BLG-RWA that were

duplicative of claims in CV 98-52-BLG-RWA (Counts I, II, III, and V), without prejudice.  Pursuant to that stipulation, and also based on Plaintiff's concession to dismissal of Count IV, the undersigned recommended that all claims in CV 00-21-BLG-RWA except Count VI, Plaintiff's claim for judicial review of the Police Commission proceedings upholding his termination, be dismissed, and that the one remaining claim be remanded to the state court for determination.  See Findings and Recs. dated April 26, 2000.  The District Court adopted those recommendations and ordered dismissal and remand accordingly. See Order dated February 20, 2001.

Meanwhile, on January 13, 2000, Defendant filed a motion for summary judgment in CV 98-62-BLG-RWA on Plaintiff's claims at Count II for due process violations in the Police Commission proceedings, based on the doctrine of collateral estoppel. (Doc.  #99).  Later, on May 15, 2000, Defendant filed a separate motion for summary judgment on all of Plaintiff's other claims, including his claim in Count III that the appointment of a special prosecutor in the underlying criminal proceedings violated his rights under the Montana Constitution. (Doc. # 120).  Plaintiff did not file his own motion for summary judgment within the motions deadline established by the Court, but did respond to Defendant's motions, and as part of his response, attempted to make his own cross-motion for summary judgment on the special prosecutor issue.  (Doc. # 128).  The Court denied Plaintiff's untimely cross-motion, but considered the arguments contained in Plaintiff's brief in deciding Defendant's motion on the special prosecutor issue.

The District Court, after review of the findings and recommendations made on Defendant's motions by the undersigned, granted summary judgment in favor of Defendant on all of Plaintiff's claims except the Police Commission due process claims. As to those claims, the Court deferred ruling on the motion while Plaintiff's appeal from the Police Commission's decision wended its way through the state court system. Later, on August 2, 2004, this case was administratively terminated, to be reopened at the conclusion of the state court proceedings.

On December 16, 2004, the state district court upheld the Police Commission's decision sustaining Plaintiff's termination, and further ruled that no violation of Plaintiff's due process rights had occurred during the Police Commission proceedings. The Court also found that the special prosecutor issue had not been raised before the Police Commission, and could not be raised as an issue for the first time on appeal from the Commission's decision. On July 11, 2006, the Montana Supreme Court affirmed both of these decisions by the Montana State District Court. <u>Arredondo v. City of Billings</u>, 143 P.3d 702 (table), 2006 WL 1900928 (Mont. 2006).

The Montana Supreme Court's decision completed the state court appeals process, leading to the reopening of this case on July 26, 2006, and Defendant's renewal of its motion for partial summary judgment on the Police Commission due process issues, based on the doctrine of collateral estoppel.

In response to Defendant's renewed motion, Plaintiff does not dispute that the doctrine of collateral estoppel applies to the

Police Commission due process claims in this case, and that summary judgment in appropriately granted in Defendant's favor on them. The undersigned therefore recommends that Defendant's motion be granted.

In his response brief, however, Plaintiff takes the position that one issue still remains outstanding in this case. Specifically, Plaintiff contends that this Court's earlier ruling granting summary judgment on the special prosecutor issue based on the doctrine of collateral estoppel was premised on an underlying decision that only addressed some, but not all, of the issues raised by Plaintiff in connection with the appointment of a special prosecutor. Plaintiff argues that issues not previously addressed by any Court remain alive in this case.

Plaintiff's special prosecutor claim had two components: (1) the absence of any statutory or constitutional authority for the appointment of a special prosecutor in his case meant that the City's employment of a special prosecutor in his case violated his equal protection and due process rights under the U.S. and Montana constitutions; and (2) the special prosecutor acted without authority because the procedural requirements for her appointment were not met. Plaintiff argues that Judge Baugh only addressed the second ground in his ruling on the motion to dismiss in the criminal case, and that "[a]t this point in time, no court of competent jurisdiction has ever addressed or decided the merits of the Plaintiff Arredondo's special prosecutor claims, specifically as it relates to constitutional violations under either the State

Constitution, with corresponding implementing statutory provisions, or under the Federal Constitution." Pl's Resp. to Def.'s Renewed Mot. for Summ. J., pg. 6.

Review of Judge Baugh's December 23, 1996, Order, made in the context of the underlying criminal proceedings against Plaintiff, shows that it addressed both aspects of Plaintiff's special prosecutor claim. Judge Baugh first addressed the statutory authority for Ms. O'Connor's appointment, holding that "the description of O'Connor's job is consistent with her being a Special Deputy County Attorney, not a Special Prosecutor, and as a Deputy County Attorney O'Connor possess [sic] the authority to initiate criminal proceedings." Order on Def.'s Mot. to Dismiss, DC 95-472 at pg. 1 (December 23, 1996). He then addressed the second aspect of the claim, finding that to dismiss the criminal charges based on a delay in filing papers identifying her as a Special Deputy County Attorney would "elevate form over substance." Id. at pg. 2. Thus, Judge Baugh did address both components of Plaintiff's special prosecutor claim, and Plaintiff's argument to the contrary should be rejected.

Plaintiff also now argues that this Court "preserved the Plaintiff's special prosecutor issues by remanding and/or dismissing without prejudice, to allow State Court proceedings on the collateral estoppel issues which included the special prosecutor claim." Resp. Br., pg. 14. This statement is not an accurate characterization of the past events in this case.

The Court dismissed the special prosecutor claims in CV 00-21-

BLG-RWA, pursuant to the parties' stipulation, because they were duplicative of the claims set forth in this case, CV 98-62-BLG-RWA. The only remaining claim in CV 00-21-BLG-RWA that was remanded to the state court was the claim for judicial review of the Police Commission proceedings.

None of the claims in this case, CV 98-62-BLG-RWA, including Plaintiff's special prosecutor claims, have ever been dismissed without prejudice or remanded to State Court.  Instead, Defendant was awarded summary judgment on all claims (including Plaintiff's special prosecutor claims), with the exception of the Police Commission due process claims, upon which proceedings were deferred until now.  Plaintiff's argument that his special prosecutor claims in this case were somehow preserved by remand or dismissal of claims in CV 00-21-BLG-RWA is unavailing.

Finally, this Court's earlier summary judgment ruling, deciding that Plaintiff's special prosecutor claim was barred by application of the doctrine of collateral estoppel, constituted a decision on the merits of Plaintiff's special prosecutor claim. See Findings and Recs. dated October 27, 2000; Order dated March 8, 2001. Plaintiff did not seek reconsideration of that ruling, and his present attempt to resurrect and reargue issues surrounding the application of collateral estoppel to his special prosecutor claims is misguided.  The time is finally ripe for entry of a final Judgment in this matter; to the extent that Plaintiff disagrees with the Court's disposition of any of his claims, including his special prosecutor claims, he may appeal to the Ninth Circuit Court

of Appeals, should he wish to do so.

RECOMMENDATION

For the foregoing reasons, and pursuant to 28 U.S.C. § 636 (b) (1) (B), the undersigned recommends that the District Court GRANT Defendants' Renewed Motion for Partial Summary Judgment (Doc. #189), and that the Clerk be directed to enter Judgment in favor of Defendant and against Plaintiff on all claims, pursuant to this decision and the Court's Order dated March 8, 2001.

The parties shall have ten days from the date of service of these Findings and Recommendation in which to file objections pursuant to 28 U.S.C. § 636 (b) (1) and Rule 72(b), Fed. R. Civ. P..

The Clerk is directed to forthwith notify Plaintiff personally, and counsel of record, of the making of this Order.

Done and dated this <u>7th</u> day of November, 2006.


<u>/s/ Richard W. Anderson</u>
Richard W. Anderson
United States Magistrate Judge